BAIRD *et al. v.* PHIPPS *et al.*

[66 South. 777.]

COUNTIES. *Improvement of highways. Issuance of bonds. Conditions precedent.*

Where under Act 1912, chapter 145, authorizing boards of supervisors to construct and mantain public roads, and for that purpose to issue bonds, all the preliminary requirements have been complied with and the act has been legally put into force and effect in a supervisor's district, it is not necessary that the roads to be constructed should first be determined upon, and plans and specifications therefor adopted, before the sale of the bonds. It is only necessary that the amount of bonds to be issued not exceeding ten per cent of the assessed value of the taxable property be fixed by the road commissioners.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Bill by John R. Baird and others against W. H. Phipps, and others. From a judgment for defendants, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*C. C. Moody,* for appellant.

*Chapman & Johnson,* for appellee.

REED, J., delivered the opinion of the court.

Appellants are resident taxpayers of supervisor's district No. 2 of Sunflower county. They sought, by their bill in chancery, to prevent the sale of certain good roads bonds authorized to be issued by the board of supervisors of the county. The order granting such authority declared that the provisions of chapter 145 of the Laws of Mississippi of 1912 to be in force in district No. 2 of the county. This act authorizes the board of supervisors to construct and mainatin public roads in one or more

supervisors' districts of the various counties of the state, to issue bonds and levy taxes for that purpose, etc. In the same order road commissioners were appointed, and the issuance of bonds of the district, in amount not to exceed the limit prescribed by the statute authorized.

Appellants concede that all of the preliminary requirements of chapter 145 of the Acts of 1912 have been complied with, and that the statute is in full force and effect in the district. They further concede that the board of supervisors is authorized to sell the bonds of the district in an amount not exceeding the limitation in the act. They contend, however, that before the bonds are sold the roads to be constructed should be determined upon, and plans and specifications therefor adopted. We quote from the brief of counsel for appellants to show what they claim are the essential requirements of the act, which should be complied with before the sale of the bonds:

"First, that the road commissioner for said district designate such road, or roads, as, in their opinion, should be constructed out of the proceeds of the sale of the bonds of said district, and that their action in the premises be approved by the board of supervisors; second, that detailed plans and specifications for the construction of such roads, as should be determined upon, be gotten up by the road commissioners and approved by the board of supervisors; and, third, that the road commissioners determine what amount of money is necessary to construct such roads, according to the plans and specifications so gotten up, and request the board of supervisors to sell such an amount of bonds of said district as will raise that amount of money."

Counsel for appellant, in his reply brief, restates his argument as follows:

"I contend that, notwithstanding the law has been declared to be in force in the district, the board is without the authority to sell the bonds of the district until the

road, or roads, to be constructed are determined upon
by the commissioners and approved by the board of
supervisors, and plans and specifications for the con-
struction of the same gotten up and adopted by the com-
missioners with the approval of the board of supervisors.
The legislature did not see proper to vest in the board
and commissioners the discretion as to whether the
bonds shoud be sold before or after the roads to be con-
structed had been determined upon. The legislature saw
proper to provide, and did provide, that before the bonds
should be sold the road, or roads, to be constructed must
first be determined upon, and plans and specifications for
the construction of the same adopted.''

We cannot agree with appellants' view of the act. A
careful reading does not show us that the board of super-
visors are without authority to sell the bonds until the
roads to be constructed are determined, and the plans
and specifications thereof adopted. After the act has
been legally put into force and effect in a district, the
board of supervisors are authorized to issue the bonds
for such district in any amount not exceeding ten per
centum of the assessed value of the taxable property of
such district, such amount within the limit to be fixed by
the road commissioners. There is no other essential re-
quirement made by the law, which is a condition pre-
cedent to the sale of the bonds after the act has come
into force in the district, and the bonds have been legally
issued. The time for issuance and sale of the bonds, and
what amount shall be issued and sold, appears from the
act to be committed to the discretion of the commission-
ers and board. The sale may be either before or after the
exact roads to be constructed and maintained are deter-
mined on, and plans and specifications adopted.

*Affirmed.*